AO 245B   (Rev. 9/00) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

2010 JAN 19  PM 1: 13

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | (For Offenses Committed On or After November 1, 1987) |
| STEVEN E. PENNINGTON | Case Number:  09CR3372-BTM |

BY_____

CANDIS MITCHELL, FEDERAL DEFENDER'S INC.
Defendant's Attorney

**REGISTRATION NO.**   14495298

THE DEFENDANT:

X   pleaded guilty to count(s)   one of the information

☐   was found guilty on count(s) _____
after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
| --- | --- | --- |
| 18 USC 657 | Theft of Credit Union Funds | 1 |

The defendant is sentenced as provided in pages 2 through ___5___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The defendant has been found not guilty on count(s) _____

The remaining counts are dismissed on the motion of the United States.

X   Assessment : $100.00 payable within the first year of supervised release.

X   Fine ordered waived.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

January 15, 2010
Date of Imposition of Sentence

BARRY TED MOSKOWITZ
UNITED STATES DISTRICT JUDGE

Entered Date:

AO 245B    (Rev. 9/00) Judgment in Criminal Case
           Sheet 2 — Imprisonment

Judgment — Page    2    of    5

DEFENDANT:      STEVEN E. PENNINGTON
CASE NUMBER:    09CR3372-BTM

## IMPRISONMENT

X    The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of
FOUR (4) MONTHS.

_[signature]_

BARRY TED MOSKOWITZ
UNITED STATES DISTRICT JUDGE

The court recommends to the Bureau of Prisons:

☐    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

    ☐    at _____ ☐ a.m.  ☐ p.m.  on _____ .

    ☐    as notified by the United States Marshal.

X    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    X    by 12:00 noon on  or to this court by 2:00 p.m. on March 12, 2010

    ☐    as notified by the United States Marshal.

    ☐    as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

    Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 9/00) Judgment in a Criminal Case
        Sheet 3 — Supervised Release

Judgment—Page   3   of   5

DEFENDANT:   STEVEN E. PENNINGTON
CASE NUMBER:   09CR3372-BTM

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) YEARS.

## MANDATORY CONDITIONS

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons unless removed from the United States.

The defendant shall not commit another federal, state or local crime.

The defendant shall cooperate as directed in the collection of a DNA sample, pursuant to 18 USC 3583(d).

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994*:

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, but not more than 2 times per month, unless defendant is removed from the United States.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court . The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 9/00) Judgment in a Criminal Case
              Sheet 3 — Continued 2 — Supervised Release

JUDGMENT PAGE: ___4___ TO ___5___

DEFENDANT:    STEVEN E. PENNINGTON
CASE NUMBER:  09CR3372-BTM

## SPECIAL CONDITIONS OF SUPERVISION

__X__   Submit person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

__X__   Not possess firearms, explosive devices, or other dangerous weapons.

__X__   Not possess any narcotic drug or controlled substance without a lawful medical prescription.

_____   If deported, excluded, or allowed to voluntarily leave the United States, obey all laws federal, state and local and not reenter the United States illegally and report to the probation officer within 72 hours of any reentry to the United States; the other conditions of supervision are suspended while the defendant is out of the United States after deportation, exclusion, or voluntary departure.

_____   Participate in a program of drug and alcohol abuse treatment including testing and counseling, with at least 1 to 8 tests per month and 1 to 8 counseling sessions per month as directed by the probation officer.

__X__   Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

_____   Not enter the United States illegally.

__X__   Cooperate as directed in the collection of a DNA sample.

__X__   Provide complete disclosure of all personal and business financial records to the probation officer when requested.

__X__   Make restitution in the amount of $73,823.00, to be paid in installments of $300.00 per month first to CUNA Mutual Group until $23,832.00 is paid then $300.00 per month to California Coast Credit Union until $50,000.00 is paid. Payments are to be made through the Clerk of the Court as to California Coast Credit Union and directly to CUNA Mutual Group.

__x__   Remain in your place of residence for a period of _120_ days, except while working at verifiable employment, attending religious services or undergoing medical treatment. The defendant shall be subject to electronic monitoring at his expense.

__x__   Not engage in employment in the banking industry.

_____   Not associate with known drug traffickers or users.

__x__   Not enter Mexico without the written permission of the probation officer.

__x__   Maintain full-time employment or education or a combination of both.

__x__   Defendant shall submit proof of payments of restitution to the U.S. Attorney's office financial litigation unit.

AO 245 S  RESTITUTION, FORFEITURE, OR OTHER PROVISIONS OF THE JUDGMENT
========================================================================
DEFENDANT:    STEVEN E. PENNINGTON                    JUDGMENT PAGE  5   OF  5
CASE NUMBER:  09CR3372-BTM

## RESTITUTION, FORFEITURE, OR
## OTHER PROVISIONS OF THE JUDGMENT

Make restitution in the amount of $73,823.00 to the victims listed below, payable forthwith or through the Inmate Financial Responsibility Program during the period of incarceration at a rate of $25.00 per month, with the payment of any remaining balance to be made following the defendant's release from prison at the rate of $300.00 per month.  Payments shall be first made directly to CUNA Mutual Group until the balance of $23,832.00 is satisfied.  Thereafter payments in the amount of $300.00 per month shall be made to the Clerk of the Court for delivery to California Coast Credit Union.

CUNA Mutual Group                                          $23,832.00
ATTN: Claim Department
(CUNA Mutual Claim B0796701)
P.O. Box 1221
Madison, Wisconsin  53701-1221

California Coast Credit Union                              $50,000.00
ATTN: Risk Management
(CUNA Mutual Claim B0796701/Steven Pennington)
P.O. Box 50280
San Diego, California  92150-2080